6

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:　(310) 598-4150
Facsimile:　　(310) 556-9829

*Proposed Counsel to OroHealth Corporation:*
*A Nonprofit Healthcare System,*
*the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROHEALTH CORPORATION: A NONPROFIT HEALTHCARE SYSTEM,[1]<br><br>　　　Debtor and Debtor in Possession. | Case No. 25-26877<br><br>**DCN KCO-1**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime<br><br>[*Relief requested on ex parte basis.*] |

**DEBTOR'S *EX PARTE* EMERGENCY MOTION FOR ORDER AUTHORIZING**
**JOINT ADMINISTRATION OF CHAPTER 11 CASES**

OroHealth Corporation: A Nonprofit Healthcare System, a California nonprofit public benefit corporation ("OroHealth"), submits this *ex parte* motion (the "Motion") for entry of an order (the "Order") substantially in the form attached as **Exhibit A** to the contemporaneously filed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and Orohealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

- 1 -

179702216.1

exhibit list (the "Exhibit List"): authorizing the joint administration of its bankruptcy case with the concurrently filed bankruptcy case (collectively, the "Chapter 11 Cases") of its subsidiary-affiliate, Oroville Hospital, a California nonprofit public benefit corporation ("Oroville Hospital" and, together with OroHealth, the "Debtors"), pursuant to § 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[2] The proposed form of Order is lodged concurrently herewith given the *ex parte* relief sought in the Motion. In support of this Motion, the Debtor refers to the *Declaration of Robert J. Wentz in Support of Debtor's Ex Parte Emergency Motion for Order Authorizing Joint Administration of Chapter 11 Cases* (the "Wentz Declaration"), and the accompanying memorandum of points and authorities, and respectfully states as follows:

## I.

## FACTUAL BACKGROUND

**A.    General Background**

On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no committees have been appointed or designated.

OroHealth, Oroville Hospital, and their affiliated nondebtor entities operate as a California nonprofit health care system in and around Butte County, California, with approximately 133 general acute care beds (including 10 intensive care and 10 perinatal beds), an active emergency room, 14 "flex" beds separately authorized by the California Department of Public Health on an annual basis, and 126 skilled nursing facility beds. The Debtors also provide 33 specialty services at their 31 clinics (including 10 rural health clinics) in Oroville, Yuba City, and Chico, and provide laboratory services through Valley Clinical Laboratory with 23 outpatient laboratory draw stations in Oroville, Yuba City, Chico, Grass Valley, Orland, and Redding. In its fiscal year ended 2024,

---

[2] Unless otherwise indicated herein, all references to "§" or "Section" are to a Section of the Bankruptcy Code.

- 2 -

179702216.1

the Debtors recorded 98,018 patient days (adjusted to account for outpatient visits), 26,416 emergency room visits, 2.2 million lab tests, 361,558 clinic visits, and 384 births at their facilities. Each of the Debtors are exempt from federal income taxation as an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the Chapter 11 Cases, will be set forth in the *Declaration of Robert J. Wentz in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").

**B.      Facts Relevant to this Motion**

The Debtors are formed to operate their nonprofit healthcare system in a centralized manner. OroHealth is governed by a nine-member board of trustees. Pursuant to its bylaws, "the Trustees of [OroHealth] shall also be the members of the Board of Trustees of Oroville Hospital." Pursuant to Oroville Hospital's bylaws, "the sole member of [Oroville Hospital], as the term 'member' is defined in Section 5056 of the California Nonprofit Corporation Law, shall be OroHealth Corporation: A Nonprofit Healthcare System." The Debtors' corporate relationship is reflected in their ordinary course operations: OroHealth provides support services to Oroville Hospital, including accounting, finance, supply chain management, purchasing, and executive management. As a practical matter, the costs of these services are tracked by accounting book entries reflecting "due from" and "due to" accounts between the Debtors given the regularity of the financial relationship between the two.

## II.

## SUMMARY OF RELIEF REQUESTED

The United States Bankruptcy Court for the Eastern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and General Orders 182 and 223 of the United States District Court for the Eastern District of California. The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

179702216.1

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The legal bases for the relief requested herein are § 105 and Bankruptcy Rule 1015.

The Debtors (each of whom is filing an identical Motion in each of their respective cases) request entry of an Order on an emergency basis directing joint administration of these Chapter 11 Cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b), and that the Court maintain one file and one docket for all of the Chapter 11 Cases under the lead case: *In re Oroville Hospital* pending before the Honorable Christopher M. Klein. The Debtors have filed these motions to ensure that the Chapter 11 Cases proceed efficiently and economically, for the benefit of the estates, the Court, the Office of the United States Trustee and creditors, thus avoiding the need to repetitive, similar motions and other pleadings in the Chapter 11 Cases.

More specifically, the Debtors respectfully request the joint administration of the Debtors' Bankruptcy estates to include:

    a. The use of a single pleadings docket for administrative matters, and the filing, lodging and docketing of pleadings and Orders, where appropriate;

    b. The use of a single pleading caption;

    c. The combining of notices to creditors and other parties-in-interest, where appropriate;

    d. The combined scheduling of hearings, where appropriate;

    e. Consolidated billing by professionals employed by the Estates, subject to review and apportionment of billing should the need arise;

    f. Joint and several liability of the Debtors' bankruptcy estates for general administrative expenses that equally benefit all the estates; and

    g. The joint handling of other administrative matters that may aid in the expeditious and economical administration of the Debtors' estates.

By this Motion, the Debtors seek entry of an order, substantially in the form attached to the Exhibit List as **Exhibit A**, authorizing the joint administration of the Chapter 11 Cases for procedural purposes only, approving of the following procedure:

    a. The Clerk of Court shall maintain a joint pleadings docket under the case number assigned to Oroville Hospital, which shall be designated as the single pleadings docket for all pleadings relating to any of the Debtors' Chapter 11 Cases.

- 4 -

179702216.1

    b.     The Clerk of the Court shall place the following notation in the Docket maintained for each of the Debtors' cases to reflect that the cases are being jointly administered:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 Cases of: Oroville Hospital, and OroHealth Corporation: A Nonprofit Healthcare System.
>
> Consult the docket in Case No. 25-26876 for all matters affecting these cases.

    c.     The captions of the Debtors' cases shall be modified to reflect the joint administration of these Chapter 11 Cases, in the form set forth on **Exhibit A-1** attached to the Order.

    d.     The claims registers in the Chapter 11 Cases shall be maintained separately for each Debtor entity.

    e.     The Debtors and other parties in interest shall be authorized, but not required, to combine notices to the Debtors' creditors.

    f.     The relief requested herein is limited to joint administration. Nothing contained in this Motion is intended to compel substantive consolidation of the Debtors' estates. The requested relief will thus not prejudice any entity's substantive rights and will result in no conflicts. If substantive consolidation of some or all of the estates is later warranted, the Debtors reserve the right to move the Court separately for such relief.

## III.

## SUPPLEMENTAL LEGAL AUTHORITIES

The relief requested by this Motion is further supported by the following authorities as set forth in the Memorandum of Points and Authorities filed herewith. Pursuant to Local Bankruptcy Rule 9014-1(d)(3), citation to these authorities are as follows:

<u>Jurisdiction and Venue</u>. 28 U.S.C. §§ 157(b)(2)(A), (O), 1334; FED. R. BANKR. P. 7008 General Orders 182 and 223 of the United States District Court for the Eastern District of California.

<u>Joint Administration</u>. 11 U.S.C. §§ 101(2), 105(a); FED. R. BANKR. P. 1015(b)

<u>*Ex Parte* Emergency Consideration</u>. LBR 9014-1(f)(4); LBR 1001-1(a)

## IV.

## CONCLUSION

The Debtor respectfully requests that the Court enter the Order, substantially in the form attached to the Exhibit List as **Exhibit A**: (i) granting this *ex parte* emergency Motion directing the joint administration of the Debtors' Chapter 11 Cases as requested herein; and (ii) granting the Debtor such other relief as the Court deems appropriate under the circumstances. The proposed

- 5 -

179702216.1

form of Order is lodged concurrently herewith given the *ex parte* relief sought in the Motion.

Dated: December 8, 2025

**FOX ROTHSCHILD LLP**

*/s/ Keith C. Owens*
Keith C. Owens
Nicholas A. Koffroth

*Proposed Counsel to Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

179702216.1